June Term,
1860.

MYRICK VS. McMILLAN.

MYRICK
v.
McMILLAN.

Under the Territorial Statutes of 1839, the acknowledgment of a deed by the grantor was not essential to render it operative as between the parties to it, but only to authorize its admission to record.

A certificate of a justice of the peace, stating that the execution of a deed was proved before him to his satisfaction,, by one of the subscribing witnesses, and that the grantor was duly summoned before him to hear such proof, by personal service of a summons, with a copy of the deed attached, and was present at the examination of the subscribing witness, was sufficient, under that statute, to authorize the deed to be recorded.

APPEAL from the Circuit Court for *Dane* County.

This action was brought in the circuit court for La Crosse county, and the place of trial was changed to the county of Dane. On the trial, the plaintiff offered in evidence a deed from Peter Cameron for the land in controversy, which was objected to, and excluded by the court, and the defendant had judgment. The other facts of the case are stated in the opinion of the court.

*Angus Cameron* and *S. U. Pinney*, for the appellant, argued that the deed of Cameron, though not acknowledged by him, was sufficient to pass the legal title to the land, and was a good deed as against the grantor and all claiming under him with notice of it, the acknowledgment or proof of the execution of a deed being necessary only for the purpose of admitting it to record. *Marshall vs. Fisk*, 6 Mass., 24; *Dole vs. Thurlow*, 12 Met., 157; *Lawry vs. Williams*, 13 Me., 281; *Beaman vs. Whitney*, 20 id., 413; *Buck vs. Babcock*, 36 id., 491; 6 N. H., 250; 13 id., 389; 2 Foster, 468; 3 McLean, 362; 2 Blackf., 32; 2 Scam., 315, 371; 6 Peters, 124; 5 Cal., 315; 31 Miss., 307. As to the sufficiency of the justice's certificate of the proof of the execution of the deed, counsel cited *Catlin vs. Washburn*, 3 Vt., 24. The possession of the deed by the grantee was *prima facie* evidence that it had been delivered. *Ford vs. Gregory*, 10 B. Mon., 180; *Lessee of Sicard vs. Davis*, 6 Peters, 137.

*W. H. Tucker* and *Hugh Cameron*, for respondent:

The deed from Peter Cameron was properly excluded. 1. There is no evidence that Peter Cameron refused to acknowledge the deed, and consequently it does not appear

· that the justice had power to take proceedings to prove it. <span style="float:right">June Term, 1860.</span>
2. The certificate of the justice should show on its face that
the statute authorizing such proceedings has been strictly <span style="float:right">MYRICK v. McMILLAN.</span>
pursued.   The summons should have been fully set out.
*Rex vs. Croke,* 1 Cowper, 26.   A defective summons or no-
tice is not cured by the appearance of the party.   The cer-
tificate, therefore, does not show jurisdiction.   *Rex vs. The
Mayor of Liverpool,* 4 Burr., 2,244 ; *Gilbert vs. Columbia T.
Co.,* 3 John. Cases, 107 ; *Meddock vs. Williams,* 12 Ohio, 386.
3. The due execution of the deed was not proved before the
justice.   There is no evidence that it was executed in the
presence of two subscribing witnesses, and a deed not so ex-
ecuted is void.   *Clark vs. Graham,* 6 Wheat., 577 ; *Allston
vs. Thompson,* and *Craig vs. Pinson,* Cheves' Law Rep.,
271–2.   4. There is no evidence that the deed was delivered
by Peter Cameron.   His refusal to acknowledge it repels
the presumption arising from *Myrick's* possession.   A deed
must be perfect in all respects before delivery.   *McKee vs.
Hicks,* 3 Dev., 379 ; *Parker vs. Parker,* 1 Gray, 409.   5. Not
having been properly proved, the deed was not entitled to
record, and the improper recording of it does not authorize
its introduction in evidence for any purpose.   *Kerns vs.
Swope,* 2 Watts, 75 ; *Pidge vs. Tyler,* 4 Mass., 541 ; *Morgan
vs. Bealle,* 1 A. K. Marsh., 310.

*By the Court,* COLE, J.   The only question we have to <span style="float:right">January 2.</span>
consider in this case is, whether the circuit court properly
excluded the deed given by Peter Cameron to *Nathan My-
rick.*   The deed was executed by Cameron on the the 28th
of May, 1848, in the presence of two witnesses who signed
the deed as such witnesses.   But for some reason, it appears
that the grantor did not *then* acknowledge the deed, and on
the 20th day of September, 1851, the grantee proceeded
to prove before a justice of the peace, by one of the sub-
scribing witnesses thereto, the proper execution of the deed,
in conformity to sections 16 and 17, chapter 59, R. S. 1849.
Several·objections are taken to the deed, and to the certifi-
cate of the justice indorsed thereon.   In the first place it is
insisted that by section 9, p. 179, Territorial Statutes of

1839—the law in force at the time this deed was executed—no conveyance was valid to pass the title to lands as between the grantor and grantee, unless "signed, sealed and delivered by the parties granting the same, having good and lawful right and authority thereunto, and signed by two or more witnesses, and acknowledged by such grantor or grantors," &c. In other words, it is contended that under this section, though a deed may be properly signed and sealed by the grantor, and duly witnessed and delivered, but not acknowledged, still it is not a valid conveyance and passes no estate, even as against such grantor. But this we deem an incorrect construction of this provision of the statute. We apprehend that it was not the intention of the statute to change the law upon this subject, and to make the acknowledgment of a deed by the grantor essential to pass an estate to the grantee, but that the acknowledgment was necessary in order to entitle the deed to be recorded. This is very obvious from the language of the next section, which declares that a deed not acknowledged, proved and recorded as therein directed, " shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee, for valuable consideration, without notice, *unless* such deed or conveyance be recorded as aforesaid, before the recording of the deed or conveyance under which such subsequent purchaser or mortgagee may claim." This shows clearly that a deed not acknowledged or recorded was valid as against the grantor, but would not be good as against a subsequent purchaser, for a valuable consideration, without notice, whose conveyance should first be recorded. The object of the acknowledgment is to entitle the deed to be placed upon record, in order thus to give notice to all the world of its existence; but it was not essential to render the conveyance operative as between the parties thereto. This is very apparent, as well from the plain reading of the statute as from the authorities where similar statutes have been construed. *Dole vs. Thurlow*, 12 Met., 157; *Montgomery vs. Dorion*, 6 N. H., 250; *Wark vs. Willard*, 13 id., 389; *Lawry vs. Williams*, 13 Maine, 281; *Buck vs. Babcock*, 36 id., 491; *Lessee of Sicard vs. Davis*, 6 Peters, 124.

Our attention was called to some decisions in Ohio, which held that a deed not attested by two witnesses does not operate to pass an estate, under the law of that state; but these cases are inapplicable here, on account of the dissimilarity of the statute of Ohio and the one under which the conveyance in the present case was made.

In this case the original deed was offered in evidence, upon which was the following certificate of the justice of the peace before whom its execution by the grantor was proven:

" STATE OF WISCONSIN : County and town of La Crosse,—ss. On this 20th day of September, in the year 1851, the within and foregoing named E. A. C. Hatch, a subscribing wit-ness to the annexed and within deed, personally appeared and made oath before me, one of the justices of the peace in said county, that he saw the within named Peter Cameron voluntarily sign and seal the said deed; that he subscribed his name thereto as a subscribing witness at the same time, which proof was satisfactory. The said Peter Cameron, at the request of Nathan Myrick, the grantee, was duly summoned to appear before me at the time and place of said examination, to hear the testimony of the said subscribing witness, by an original summons, served personally upon the said Peter Cameron, together with a true copy of said deed annexed, by the sheriff through his deputy of said county, on the 22d day of August, 1851; that on the day therein mentioned said examination was adjourned, by consent of both parties, to the 20th day of September, when the same took place according to law. And I further certify that on the said 20th day of September, 1851, aforesaid, the said Peter Cameron was present at such examination. ROBERT LOONEY, Justice Peace."

It is objected that this certificate is defective and insufficient on several grounds, all of which we deem untenable. By section 10 T. S. Wis., 1839, p. 179, it was necessary before a deed could be recorded, that it should be acknowledged by the grantor, " or proved by one or more of the subscribing witnesses thereto," before a justice of the peace, or some other officer therein stated, the proof being endorsed thereon. Section 14, chapter 59, R. S., 1849, and the fol-

lowing sections, provide the way in which the execution of a deed, not acknowledged, may be proven in the several cases therein named. When the grantor resided within the state and refused to acknowledge the deed, the grantee, or any person claiming under him, might apply to any justice of the peace in the county where the land lay, or where the grantor or any subscribing witness resided; which justice was thereupon authorized to issue a summons to the grantor to appear at a certain time and place before the said justice to hear the testimony of the subscribing witnesses to the deed; and the summons, with a copy of the deed annexed, was required to be served at least seven days before the time assigned for proving the deed (Section 16). At the time mentioned in the summons, or at any time to which the hearing might be adjourned, the due execution of the deed might be proved by the testimony of one or more of the subscribing witnesses; " and if proved to the satisfaction of the justice, he shall certify the same thereon, and in such certificate he shall note the presence or absence of the grantor, as the fact may be." (Section 17.) This is all the statute prescribes in respect to the form or substance of the certificate of the justice, or as to what it shall contain. We cannot doubt that the one in this case is sufficiently full to authorize the deed to be recorded. It probably does not contain all the matters appearing before the justice—the various questions put to the subscribing witness, with his answers thereto—nor does the statute require the justice to certify to these things. If the due execution of the deed is proven to the satisfaction of the justice, he is required to certify the same, stating in the certificate whether the grantor was present at the hearing or not. All this, and much more, is set forth in the certificate in this case, and it fully appears from the testimony of the subscribing witness, that Peter Cameron duly executed the deed, and that the same was entitled to be recorded. Upon the question as to the sufficiency of this certificate, we were referred to the case of *Catlin vs. Washburn*, 3 Vt., 24, which appears to be a case in point, and which we are disposed to follow. The objections taken to the certificate in that case

were much like those taken in the case at bar, and they were all overruled. So we think they must be here.

It follows from these views that the judgment of the circuit court must be reversed, and a new trial ordered.

DIXON, C. J., did not sit in this case, the cause having been tried before him while a judge of the circuit court.