## McMahon vs. McGraw and another.

(1.) DEED: *Operative between parties, though not entitled to record.*
(2–4.) EVIDENCE: (2.) *Of fraudulent collusion.* (3, 4.) *Of fraudulent violation of duty in taking tax deed.*
(5–9.) TAX DEED—FRAUD: *Who may acquire tax title.—Statute of limitations applicable to defense of fraud in taking tax deed.—When statute begins to run.*

1. Under the Territorial Statutes of 1839, a deed may be operative as between the parties, though not so acknowledged as to be entitled to record. *Myrick vs. McMillan*, 13 Wis. 188, followed.
2. In ejectment against father and son, it was not error to refuse a nonsuit in favor of the former, although there was no proof that he had personally occupied the land, where there was evidence tending to show that after taking out a tax deed thereof, and conveying to the son (who thenceforward performed acts of ownership on the land), he had declared to a witness that "the land was his as much as ever."

Upon this evidence the jury might have found that the son acted as the father's agent in detaining the possession from the plaintiff, and that there was fraudulent collusion between them.

3. Proof that defendant in ejectment, who claimed under a tax title, had cut and sold wood from the land (receiving the proceeds) while acting as plaintiff's agent in respect thereto, was admissible to show that he had money in his hands which he ought to have applied to the payment of the tax for which the land was sold.

4. The fact that in an action to recover from such agent moneys so received, plaintiff would have been compelled, at common law, to sue in *assumpsit*, and waive the *tort*, does not render said evidence inadmissible in this action, for the purpose of showing that defendant could not acquire title under the tax deed, although it shows that he was guilty of a fraudulent violation of duty.

5. The three years' limitation upon actions to recover lands deeded for taxes, does not apply to actions founded on defendant's *fraud* in taking the tax deed.

6. The six years allowed for bringing actions for relief against fraud do not begin to run until the fraud is discovered; and there can be no *constructive* discovery in such a case.

7. If an agent fraudulently allows land of his principal to be sold for taxes, and takes the deed himself, and puts it on record, this is not notice to the principal which would set the statute running.

8. Within the time limited, the principal may either sue in equity for relief from the fraud by compelling the conveyance of the title, or otherwise, or maintain ejectment, relying on the fraud as estopping defendant from setting up the tax title.

9. An agent in respect to lands cannot acquire a tax title thereto as against his principal, merely because the latter has been in default in remitting funds to pay the taxes, but must first distinctly notify the principal that he renounces the agency.

APPEAL from the Circuit Court for *Jefferson* County. Ejectment, commenced May 28, 1869, against *John McGraw* and *John McGraw, Sen.* The former, by his answer, claimed to own the land under a tax deed, which had been recorded more than three years before the commencement of the action. *John McGraw, Sen.* answered by a general denial. *Margaret McMahon*, the plaintiff, showed a chain of title from the United States to herself, the conveyance to her being dated in 1851. One of the deeds on which she relied (being a deed from one Patrick McKenna to one Thomas McKenna) was objected to on the ground that the acknowledgment was defective, not showing where it was taken nor the county in which the justice who took it resided; but the objection was overruled.

When the plaintiff rested, a motion by defendants' counsel for a nonsuit as to *John McGraw, Sen.*, on the ground that there was no evidence to show that he was in possession of the premises, or claimed any title to them at the commencement of the action, was denied. The defendants showed that the land had been conveyed to *John McGraw, Sen.*, by a tax deed regular on its face, recorded May 9, 1864; and that he had conveyed it to *John McGraw* (his son), by a quit-claim deed, for an expressed consideration of $700, the deed being dated September 8, 1865, and recorded the next day; and that the son had taken possession immediately thereafter, and continued in possession until the commencement of the action. The rest of the evidence, in general, need not be stated, as its general character will be sufficiently evident from the instructions given by the circuit court, and from the opinion of this court. It included evidence as to the cutting and selling of wood and timber from the land by *John McGraw, Sen.*, while he was acting as agent for the plaintiff in the care of the land, paying taxes, etc.; and this evidence was received against defendants' objection.

The court instructed the jury in substance: 1. That if plaintiff had shown title in herself, and that defendants withheld possession from her, she would be entitled to recover, unless defendants had shown title in themselves, or one of them, or had proved a tax deed under which they or one of them had held possession three years after the recording thereof; and she would be entitled to recover, notwithstanding such tax deed, if *John McGraw, Sen.* obtained and held it in fraud of the plaintiff, and *John McGraw, Jr.* had notice of the fraud. 2. That if the plaintiff had shown title in herself previous to the issue of the tax deed, and if *John McGraw, Sen.*, for several years before acquiring the tax title, had acted as plaintiff's agent in taking care of the land and paying taxes upon it, and if suffi-

cient means were in his hands (either sent by the plaintiff, or derived from the use of the land or the sale of timber therefrom) to pay all taxes upon it and for taking care of the property up to the time he acquired the tax title, then said tax title in his hands was void as against the plaintiff; and if *John McGraw, Jr.* had notice of such agency and the violation of such trust by his father, and held title only by deed from the latter, then such deed was also void. There was a further instruction, that if one and only one of the defendants was wrongfully withholding the possession at the commencement of the action, the verdict must be only against that one. The defendants requested the following instruction, which was refused: That the title of *John McGraw, Jr.* could not be questioned by plaintiff in this action, even if the tax title had been fraudulently acquired by *John McGraw, Sen.*, if plaintiff knew he had taken it, unless the defendants, by professions of submission to her title had induced her to delay the suit, or by further fraud or stratagem had thrown her off her guard till after the expiration of three years from the recording of the tax deed; or unless the taxes were paid before the sale, or the land had been redeemed.

Verdict for the plaintiff against both defendants; new trial denied; and the defendants appealed from a judgment on the verdict.

*Enos & Hall*, for the appellants, argued, 1. That the court erred in admitting the deed from Patrick to Thomas McKenna, which was defectively acknowledged. Terr. Stat. 1839, p. 179; *Downing v. Gallagher*, 2 S. & R. 457; *Shields v. Buchanan*, 2 Yeates, 220; *Stanton v. Button*, 2 Conn. 527; *Hayden v. Westcott*, 11 id. 131. 2. The court erred in denying the motion for a nonsuit as to *John McGraw, Sen. Hunter v. Warner*, 1 Wis. 141. It is only where there is no *actual occupant* of the land that the action can be brought against a party claiming title thereto or some

interest therein, not in possession at the commencement of the action.    R. S. ch. 141, sec. 3; *Shaver v. McGraw*, 12 Wend. 558; *Edwards v. Fire Ins. Co.*, 21 id. 467; *Banyer v. Empie*, 5 Hill, 48; *Redfield v. R. R. Co.*, 25 Barb, 54; *Van Buren v. Cockburn*, 14 id. 118; 19 id. 484; *Allen v. Dunlap*, 42 id. 585; *Pulen v. Reynolds*, 22 How. Pr. R. 353; Tyler on Ejectment, 622–25.    Besides, there was no evidence that *John McGraw, Sen.*, seriously claimed title or interest in the land. *Banyer v. Empie*, and *Shaver v. McGraw, supra.*    3 The court erred in allowing plaintiff to prove that *McGraw, Sen.*, cut and sold timber from the land.    Plaintiff in this action can recover only rents and profits, not damages for trespasses.    Showing that she has an action of trespass against the elder *McGraw*, is a novel way of proving that he had money in his hands with which to pay taxes when they became due.    It is held by this court (4 Chand. 166, and 3 Wis. 655), that she may waive the tort and sue for money had and received, if the property was sold and money received therefor; but the plaintiff in such a case must declare in *assumpsit*, and can recover no more than the property brought, because bringing suit for the money ratifies the sale.    *Pacquette v. Pickness*, 19 Wis. 219.    4. The court erred in instructing the jury that the plaintiff was entitled to recover unless defendants had been in possession under the tax deed for three years after the recording thereof.    It is indisputable that a tax deed, regular on its face, *prima facie* vests the title in the grantee.    5.  Under the statutes and the repeated decisions of this court, the plaintiff could not maintain this action after defendants had been in possession under their tax deed for three years after the recording thereof; there being no pretense that the deed was not regular on its face, nor that the plaintiff had been prevented by any stratagem of the defendants from bringing her action within the three years.

*Orton & Mulberger* for respondent:

1. There was sufficient evidence of possession and claim of right in *John McGraw, Sen.*, to go to the jury. *Hill v. Kricke*, 11 Wis. 442. 2. It was proper to show in this action the fraudulent character of the title set up by defendants. *Reynolds v. Vilas*, 8 Wis. 471. And it was always proper to do so in ejectment before the Code. And the defendant even could show the deed offered by the plaintiff fraudulent and void, or introduce any evidence tending to estop or conclude plaintiff from setting up his title. Adams on Ejectment, 378, 379; *Hambleton v. Wells*, 4 Call, 213; *Torrey v. Beardsley*, 4 Wash. C. C. 242; *Jackson v. Ogden*, 4 Johns. 140. 3. The statute of limitations cannot be set up when it will encourage or consummate a fraud. *Knox v. Cleveland*, 13 Wis. 246; *Miller v. Keene*, 5 Watts, 348; *Comegys v. Carley*, 3 id. 280; Blackw. on Tax Titles, 399, 401. 4. The deeds set up by defendants are held in trust for the plaintiff, because procured in violation of the trust and confidence of the agency on the part of *McGraw, Sen.*, with the knowledge and participation of *McGraw, Jr. Matthews v. Light*, 32 Me. 305; *Bartholemew v. Leach*, 7 Watts, 472; *Oldhams v. Jones,* 5 B. Mon. 458; *Baker v. Whiting*, 3 Sum. 476; *Parkist v. Alexander*, 1 Johns. Ch. 494; *Reed v. Warner*, 5 Paige, 650; 2 Wend. 109; Roberts on Fraud. Con. 520.

PAINE, J. There was no error in admitting the deed from Patrick McKenna to Thomas McKenna in evidence, even though the certificate of acknowledgment was defective in not indicating the county in which the justice of the peace, before whom it was taken, belonged. This is not a case where the title depends upon a valid record of the deed. And it has been held by this court that under the same statute in force when this deed was executed, the title would pass as between the parties, by a deed otherwise sufficient, even though not executed in such manner as to entitle it to be recorded. *Myrick v. McMillan*, 13 Wis. 188.

Nor do we think there was error in refusing a nonsuit in favor of *John McGraw, Sen.* It is true, there was no evidence of his personal occupation of the land in any manner at the time the suit was brought. But neither of the defendants resided upon it; and upon the whole evidence we think the jury would have been warranted in inferring collusion between the father and son, and that the latter was put forward as the nominal holder of the title, and as performing some acts of ownership and occupation, merely because it was supposed that they could thus more effectually set up the tax title under which they claimed against the plaintiff. As against *John McGraw, Sen.*, his statement to the witness Rogan, made after the deed to his son, that "the land was still his as much as ever," considered in connection with the entire circumstances of the case, would well have warranted this inference. And this being so, the acts of his son upon the land may well be regarded as those of his agent or hired man merely, so far as to render the father still responsible for detaining the possession. The court below was right, therefore, in refusing to nonsuit, and in assuming that there was evidence before the jury of such fraudulent collusion as made the second instruction applicable and proper.

It was proper also to admit the proof that *McGraw, Sen.*, while acting as the agent in respect to this land, had cut and sold wood and timber from it, and received the proceeds. This was not done for the purpose of recovering the amount in this action, and there was no such recovery. The brief of the appellants' counsel concedes that the proof was admitted only to show that the agent had money in his hands, which he ought to have applied to the payment of the taxes as they became due. It was precisely for this purpose that the proof was material and proper. It tended to show that the agent, in neglecting to apply these funds to the payment of the taxes, in allowing the land to

be sold, and obtaining the tax title himself, acted fraudulently and in violation of his duty to his principal. And it would be strange indeed, if this proof, when offered for this purpose—to show a fraudulent attempt by an agent to acquire a tax title as against his principal, when as between them he had funds in his hands which he ought to have applied to the payment of the taxes—should be excluded because in a direct action to recover the amount of those proceeds, the principal, under the old system of pleading, would have been obliged to waive the *tort* and sue in *assumpsit*. The right of the principal to the proceeds of the wood and timber cut from the land coming only collaterally in question, as bearing upon the question of fraud in the agent in attempting to acquire a tax title against his principal, the proof was clearly admissible, without regard to the precise form of action necessary under the old system in a direct suit by the principal to recover the money.

The only remaining exceptions depend entirely upon the question whether the rights of the plaintiff were subject to the three years' statute of limitations, applicable to actions brought to recover lands sold for taxes. If they were, there was perhaps error in the case. The first instruction asked by the plaintiff and given by the court, would have been objectionable, as requiring the defendants to have been in possession under the tax deed for three years after it was recorded, in order to establish the bar; whereas, the deed being valid on its face, and the land not in the actual possession of the original owner, in accordance with the decision of this court, the tax deed would have drawn after it the constructive possession, and after the expiration of three years the original owner would have been barred.

So also it may be that if the case was governed by this statute at all, some of the instructions asked by the defendants should have been given. But we are

satisfied that the plaintiff's rights are not controlled by this statute. It is applicable to actions brought to recover lands sold for taxes, which involve the validity of the sales. But that is not the case here. The plaintiff's claim stands upon entirely independent grounds. It assumes that the tax sale may have been entirely regular and valid. The plaintiff made no objection to its regularity. And it will be observed that the court told the jury that unless they found the fact of fraud in the plaintiff's favor, they were bound to find in favor of the defendants' title under the tax deed. This shows clearly that the case was not understood to depend at all upon any question of possession by the defendants, and accounts, doubtless, for the fact of the inaccuracy. of the instruction already alluded to in that particular. The inaccuracy was not observed because it was immaterial. The real ground of the plaintiff's right to recover, notwithstanding the tax deed, is the fraud of the defendant *McGraw, Senior,* in attempting to acquire a tax title against her while the fiduciary relation of principal and agent existed between them. It assumes that the tax sale may have been regular and valid, but that the defendant is estopped to set up a title so acquired, in fraud of the rights of his principal. The essential question, therefore, was that of fraud. And the statute of limitations applicable to it was the one applicable to actions for relief on the ground of fraud.

In such cases the statute does not begin to run until the fraud is discovered. And for this purpose there is no constructive discovery. If an agent should fraudulently allow the lands of his principal to be sold for taxes, and take the deed himself and put it on record, this would not be notice to the principal that would set running the statute that would bar him from an action for relief against the fraud. The three years' statute of limitations as to lands sold for taxes, applicable to persons in general as to whom no fiduciary

relation existed, would have no application as against the principal. The three years might expire before he discovered the fraud at all. And if they did, he would undoubtedly be entitled to the full time limited by law, after the discovery. But if this is so, the fact that he happened to discover it within the three years would not have the effect of changing the statute applicable to the case, as the instructions asked by the defendant seem to assume. The six years' statute as to actions for relief against fraud would still have been applicable.

Within that time the plaintiff might, if necessary, have brought an equitable action for relief against the fraud by compelling a conveyance of the title acquired under the tax deed or otherwise. And within the same time she might, as was done in this case, estop the defendant from setting up the tax title so acquired as against her in an action to recover the possession. This view of the question what statute of limitations was applicable, shows that the inaccuracy in the instruction given was immaterial, and that the instructions asked by the defendant upon this point were properly refused.

The question of fraud was fairly submitted to the jury upon instructions the correctness of which does not seem to be controverted. Certainly it would not be claimed that an agent in respect to lands could, without notice to his principal, allow the lands to be sold for taxes, and acquire a title under the tax deed which he could successfully assert against the principal.

That the relation once existed here was undisputed. And although the principal may have been in default in remitting the necessary funds, as was claimed for the defendants, that fact did not put an end to the relation, or place the agent in a position where he could acquire and assert a tax title against her. To do that, he should have first distinctly notified her of the dissolution of the relation of principal and agent.

The question of the account between the parties is not involved in this action. Whether, if the defendant had admitted the rights of the plaintiff and asked only for an accounting, claiming a balance due, such an accounting might have been had, and the judgment for the plaintiff been made conditional upon the payment of such balance, if any, it is unnecessary to inquire. He asked for nothing of the kind, but persisted in what, according to the verdict of the jury, was a fraudulent attempt to assert a tax title against the plaintiff acquired in violation of his obligations to her as agent.

*By the Court.*—The judgment is affirmed.