Fox, Appellant, vs. ZIMMERMANN and others, Respondents.

*September 6 — September 23, 1890.*

*Tax titles: Agency: Fraud: Husband and wife: Limitation of actions.*

1. If an agent employed to collect rents and pay taxes on land, having rents in his hands sufficient to pay the taxes, allows the land to be sold therefor and purchases at the tax sale, it amounts to a redemption from the sale, and he thereby acquires no valid title as against his principal.

2. The result is the same if the agent purchases at the tax sale as agent for his wife and in her name, for in such case she is chargeable with notice of the fraud.

3. Testimony of a husband that, because of some trouble, he had conveyed all his property to his wife; that she kept all the money, and when he wanted any gave it to him; and that she gave him the money with which he purchased tax certificates, does not show that she had any separate estate with which to purchase the certificates.

4. The special limitations upon actions to recover lands sold for taxes (secs. 1188, 1210*d*, R. S.; secs. 2, 3, ch. 309, Laws of 1880; ch. 250, Laws of 1882; ch. 153, Laws of 1883; ch. 133, Laws of 1885), relate exclusively to actions in which the validity or regularity of the tax proceedings is questioned, and do not apply to an action based upon the defendant's fraud in acquiring a tax title.

5. Under sec. 4222, R. S., providing that in an action for relief on the ground of fraud the cause of action is not deemed to have accrued until the discovery of the facts constituting the fraud, mere constructive notice is not such discovery.

APPEAL from the Circuit Court for *Sheboygan* County. The action is ejectment to recover the possession of fifteen acres of land in or near the city of Sheboygan. The complaint is in the usual form. The defendants *Friederich Zimmermann* and *Lutz* answered jointly, denying the material allegations of the complaint; also that the defendant *Christine Zimmermann* is the owner of the land in controversy and entitled to the possession thereof; that the defendant *Friederich* is her husband and in possession of the land as such; and that *Lutz* is in possession thereof as her tenant. The answer of *Christine* alleges the same facts, and further that she owns the land by virtue of three tax deeds thereof, duly executed to her and recorded,— one in 1879, and the others in 1882,— for the unpaid taxes on the land thereby conveyed to her for the years 1873, 1877, and 1878, respectively. She also answers in bar of the action the limitations prescribed in the following statutes: Ch. 133, Laws of 1885; sec. 1210*d*, R. S.; ch. 250, Laws of 1882; ch. 153, Laws of 1883; secs. 2, 3, ch. 309, Laws of 1880; sec. 1188, R. S.; and sec. 4222, R. S.

The testimony given on the trial satisfactorily shows that the defendant *Friederich* was the agent of the plaintiff from 1868 to 1879, inclusive, to collect the rents of the land in controversy, and to pay the taxes thereon with the money so collected. It also tends to show that he made such collections during that period. It was stipulated on the trial "that the rent in any one of those years from 1868 to 1879, if any rent was received, would pay more than the taxes for any of those years." Under a further stipulation of the parties, the following was the only question of fact submitted to the jury: "Did the defendant *Friederich Zimmermann* receive rent for the premises described in the complaint during any of the years from and including 1868 down to and including the year 1879? If you answer 'yes,' then state the years for which he so received the rent." To this question the jury answered: "Yes; for all the years mentioned in the above."

It was further proved on the trial that the defendant *Friederich* purchased the tax certificates upon which the tax deeds to his wife were issued, taking some, if not all, of them in his own name. If his wife had any interest in such purchases, he was her agent in making them and in subsequently taking the tax deeds in her name. He so testified, and his testimony is undisputed.

The judge filed findings in favor of the defendants to the effect that the defendant *Christine* is the owner of the land by virtue of her tax deeds thereof, and that several of the special statutes of limitations thus pleaded had run in favor of her title, against the plaintiff, before this action was commenced. The court also found that, up to the time the first tax deed was recorded, the plaintiff was the owner of the land, and that *Friederich* was not her continuing agent to collect rent or pay taxes. The plaintiff appeals from a judgment entered pursuant to such findings, dismissing the complaint with costs.

For the appellant there was a brief by *Felix Benfey*, attorney, and *A. C. Prescott*, of counsel, and oral argument by *Mr. Prescott*.

For the respondents there was a brief by *Seaman & Williams*, and oral argument by *W. H. Seaman*.

LYON, J. We think the finding of the jury is supported by the testimony. Such finding and the admission, both of which are set out in the above statement of the case, establish the proposition that when the taxes accrued for each year from 1868 to 1879, inclusive, the defendant *Friederich* had in his hands the rents he collected to an amount sufficient to pay the taxes of such year. Of course he committed a gross fraud on the plaintiff when, in each of the years 1873, 1877, and 1878, he neglected to pay such taxes therewith, but allowed the land to be returned and sold and afterwards conveyed to his wife for nonpayment of taxes. If he purchased the certificates of sale in his own right, it amounted to a payment of the taxes and a redemption of the certificates from the tax sale. If he purchased them for his wife, the result is the same, for he had knowledge of the fraud he had committed and was committing on the plaintiff when he made the purchase. Notice to or knowledge of the agent in such case is notice to or knowledge of the principal. It was so held in *Wilcox v. Bates*, 26 Wis. 465. See, also, Story, Ag. §§ 140, 140a; 1 Am. & Eng. Ency. of Law, 419, and numerous cases cited in note 2.

The findings of the circuit court are too long to insert here. It is sufficient to state, in addition to what is said of them in the above statement of the case, that the judgment for defendants rests chiefly on the findings that *Mrs. Zimmermann*, through her husband and agent, purchased the tax certificates upon which her tax deeds issued with her own separate means, and had no notice or knowledge; at

the time, of the fraud committed by her agent upon the plaintiff.   But we have seen that she had constructive notice of the fraud, and that is just as fatal to her title under the tax deeds as actual notice would have been.   She is in no better position than her agent would have been in had the tax deeds been executed to him instead of her.

Furthermore there is a total failure of proof that she had any separate estate.   Had she been the owner of a separate estate in her own right, the fact might easily have been proved.   She did not testify on the trial, and the testimony of her husband satisfactorily shows that she had no such estate.   He testified that, because of some trouble he was theretofore having with some one, he conveyed all his property to his wife; that she kept all the money; that when he wanted any she gave it to him, and gave him the money with which he purchased the tax certificates.   This is substantially all the proof there is on the subject.   The court should have found that *Mrs. Zimmermann* had no separate estate, and that her husband purchased the certificates with his own money, and took the tax deeds thereon for his own use and benefit, although in the name of his wife; also that such tax deeds were void by reason of the fraud of *Friederich* in not paying the taxes with the money in his hands which he had received for the rent of the land, as it was his duty to do.

All the limitation statutes pleaded, save sec. 4222, R. S., and all which the court found were applicable to the case, relate exclusively to actions in which the validity or regularity of tax sales, etc., is involved.   This is not such a case. No question is made here of the validity or regularity of the tax proceedings, but the tax deeds are attacked for fraud only, just as they might have been were they conveyances by private parties.   It was held in *McMahon v. McGraw*, 26 Wis. 614, that such conveyances are not within any of those special limitation acts.

Sec. 4222, R. S., contains a limitation of six years after the cause of action has accrued in an action for relief on the ground of fraud, with a certain exception therein named, and provides that " the cause of action in such case is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." The question was raised in the argument whether this case is ruled by that section, or by the preceding section, which prescribes a limitation of ten years. It is not necessary to determine the question. We assume, for the purposes of this appeal, that it is governed by sec. 4222, which is most favorable to the defendants. There is no proof that plaintiff had any actual notice, six years before she commenced this action, that her land had been conveyed or sold for nonpayment of taxes. Mere constructive notice is not sufficient to put the statute in motion. It was so held in the case last cited.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.