Boon and others, Respondents, vs. Root and another, Appellants.

*December 18, 1908—January 5, 1909.*

*Life tenants: Acquisition of outstanding tax title: Fraud: Good faith: Burden of proof: Quieting title: Pleading: Plaintiff's title: Sufficiency of allegations of delivery of deed: Ejectment: Adequacy of remedy: Equity: Remaindermen: Right to possession: Tax titles: Limitation of actions.*

1. In an action in equity to set aside conveyances the complaint alleged, among other things, that an aunt of the plaintiffs by deed made, executed, delivered, and recorded, conveyed the described property to C., her then husband, for the term of his natural life, and after his death to the plaintiffs, and that C. was in the actual possession as such life tenant when the premises were sold for unpaid taxes and a certificate of sale issued to R., a son of a second wife of C., and when such second wife obtained a tax deed on such certificate. It was also alleged that all of these parties wrongfully colluded together to secure such tax deed, fraudulently intending to obtain a tax title to the premises and thereby deprive plaintiffs of their interest therein. *Held,* on demurrer:

    (1) The allegations that C. was the life tenant, in possession, at the time the tax title was obtained by his second wife, and that she made her home with him, establish a fiduciary relation between the plaintiffs and the life tenant.

    (2) It was the duty of the life tenant, for the benefit of plaintiffs, to pay the tax charges upon the property during his tenancy.

    (3) The allegations as to failure of the life tenant to comply with such obligation pursuant to a collusive agreement between himself, his second wife, and her children for the purpose of obtaining the title to the lands and depriving plaintiffs of their interest therein, were sufficient to charge fraud.

2. In such case, under the allegation of the complaint that the second wife was the wife of the life tenant and occupied the premises with him as their home, she would be required to explain the transaction of securing the tax title and to establish that it was taken by her in good faith.

3. In an action by remaindermen to set aside a tax deed alleged to have been collusively obtained by a life tenant, his wife, and her children by a former marriage, allegations that the grantor made, executed, and delivered a conveyance of the premises to

the remaindermen and life tenant as grantees therein, that it was duly recorded, and that the life tenant held possession under it as such life tenant, if proven, are sufficient to show execution and delivery of the instrument.

4. Under the allegations of a complaint the defendants were charged with fraudulently conspiring with a life tenant to deprive the plaintiffs, remaindermen, of their interest in lands which the defendants claimed to own under a tax title procured by such fraud. *Held*, that the instruments and muniments of title flowing from the tax-sale proceeding could not be reached in an action of ejectment, but would be left uncanceled.

5. In such case, to secure relief against the injurious acts affecting plaintiffs' interest in the land, such fraudulent and hostile record titles can only be impeached by proof of transactions: *aliunde* the record; hence a suit in equity may be maintained to remove the clouds created by such fraudulent titles, and the court may in such suit decree the cancellation of such instruments and records and the execution of such conveyances as may be necessary to protect plaintiffs' right in the premises.

6. When the life tenant dies the remainderman may take the property under the conveyance, is entitled to the possession, and may maintain necessary actions to enforce his right.

7. Secs. 1188, 1189a, 1189b, Stats. (1898), prescribing limitations to actions by former owners to recover possession of lands sold for taxes, or to avoid a tax deed, have no application to actions to annul a tax deed for fraud in the proceedings.

8. In an action founded on fraud, if it be established that the plaintiffs, remaindermen, had no knowledge of the facts concerning, the fraud until after the death of a life tenant, which occurred within a year prior to the commencement of the action, the action is one embraced within subd. 7, sec. 4222, Stats. (1898), under which the cause of action is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud, and hence is not barred by limitation.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The complaint alleges the following facts: Lavina C. Curtis, a resident of the village of Rio, Wisconsin, was an aunt of the plaintiffs. On January 4, 1890, in expectation of death, she conveyed land, now known as lots 3 and 2 of block 1 in Dunlop's third addition to the village of Rio, to her husband, Delos Curtis, for the term of his natural life. After

his death the property was to go to the plaintiffs, who were then living with their aunt, their mother having died in 1881. Lavina C. Curtis died January 16, 1890. The conveyance was recorded February 3, 1890. The plaintiffs, except *Rose V. Hoban,* removed, within a few weeks after the death of their aunt, to the home of their father in Chicago, where they have since resided. *Rose V. Hoban* went to her father's home in June or July, 1890. With this exception the plaintiffs have resided in Chicago since their removal thither. In July, 1890, Delos Curtis married Loretta D. Root, a widow, with two children by a former marriage. Delos Curtis failed and neglected to pay the taxes assessed against the premises, in which he held a life estate, and the premises were sold for $12.21 at the tax sale of 1892 to *William H. Root,* son of Loretta D. Curtis. On August 28, 1895, a tax deed was issued to Loretta D. Curtis as the owner of the tax certificate issued to her son. Notice of her intention to take a tax deed was served on her husband, but no notice was given to the plaintiffs. July 22, 1901, Loretta D. Curtis executed a life lease of the premises to Delos Curtis and *Carrie M. Bush,* her daughter. This lease was recorded August 30, 1901. May 29, 1903, Loretta D. Curtis executed a warranty deed of the premises, subject to the lease, to *William H. Root.* This deed was recorded September 9, 1903. Plaintiffs allege that Delos Curtis intentionally omitted and refused to pay the taxes assessed against the premises, that the tax deed was procured by the connivance and collusion of Delos Curtis, Loretta D. Curtis, *William H. Root,* and *Carrie M. Bush,* and that these tax proceedings were taken for the purpose of fraudulently cutting off and destroying the rights of the plaintiffs in the premises. Loretta D. Curtis died in 1905 and Delos Curtis died March 23, 1907. Plaintiffs allege that none of the facts regarding the procuring of the tax deed and the collusion and connivance of the defendants with the defendants' mother, and Delos Curtis

in fraudulently securing this tax title, were known to them until after the death of Delos Curtis; that they had always believed that he, as life tenant under the deed from Lavina C. Curtis, paid the taxes on the premises, and that they had no knowledge or notice that the taxes were not paid. *Carrie M. Bush* is now in possession of the premises. She and her brother are the sole heirs at law of Loretta D. Curtis. Plaintiffs allege that they are the owners of the premises and that the defendants claim an interest therein adverse to the plaintiffs by and through the tax sale and tax deed. Plaintiffs. tender and offer to pay *William H. Root* $12.21, with interest from the date of the tax sale. Plaintiffs demand that the tax proceeding, the life lease from Loretta D. Curtis to Delos Curtis and *Carrie M. Bush,* and the conveyance to *William H. Root* be set aside and held for naught, and that the defendants be required to release all their pretended interests in the premises, that plaintiffs be adjudged the owners of the premises, and that defendants deliver the possession. Defendants demurred to the complaint upon the grounds that it did not state facts sufficient to constitute a cause of action and that it was not commenced within the time limited by secs. 1188, 1189a, 1189b, subd. 7 of sec. 4222, and by secs. 4211, 4212, and 4215, Stats. (1898). This is an appeal from the order of the circuit court overruling the demurrer.

For the appellants the cause was submitted on the brief of *E. E. Brossard* and *H. S. Hendrickson,* attorneys, and *Ninnian H. Welch,* of counsel.

*H. E. Andrews,* for the respondents.

SIEBECKER, J. The complaint alleges facts which plaintiffs claim constitute a cause of action against the defendants for fraud, accomplished by collusion with Delos Curtis, who was in possession of the premises as life tenant, and his wife, Loretta D. Curtis, residing with him, it being their purpose to secure a tax title to the premises in order to secure the title to this property and to deprive these plaintiffs of the in-

terest they had in the land under the deed from their aunt. It is alleged that Delos Curtis was granted a life estate by such deed and that he was in actual possession of the premises, as such life tenant, when the premises were sold for unpaid taxes and a certificate of sale issued to the defendant *William H. Root,* and when Loretta D. Curtis, wife of the life tenant, obtained the tax deed on such tax sale. It is also alleged that all of these parties wrongfully colluded together to secure this tax deed, fraudulently intending to obtain a tax title to the premises and thereby deprive plaintiffs of their interest in them.

It is urged that the facts alleged respecting these transactions are not sufficient to constitute fraud. In determining this question the allegations that Delos Curtis was the life tenant, in possession, at the time the tax title was obtained by his wife, and that she made it her home with him, are significant as establishing a fiduciary relation between the plaintiffs and the life tenant. Under these allegations, which must be taken as true on demurrer, it was clearly the duty of the life tenant, for the benefit of the plaintiffs, to pay the tax charges upon the property during his tenancy. *Phelan v. Boylan,* 25 Wis. 679 ; *Hart v. Hart,* 117 Wis. 639, 653, 94 N. W. 890. His failure to comply with this obligation, and the allegation that he omitted so to do pursuant to a collusive arrangement between him, his wife, and her children for the purpose of obtaining the title to the land and depriving plaintiffs of their interest in it, states sufficient to charge a fraud. The claim that the fact that the tax deed was secured by the wife of the life tenant in possession operates to purge the alleged transaction of fraud is without merit. Under the allegation showing that she was the wife of the life tenant and occupied the premises with him as their home she would be required, under the allegations of the complaint, to explain the transaction of securing the tax title and to establish that it was taken by her in good faith.

It is claimed that the complaint does not allege that there

was a delivery of the deed from Lavina C. Curtis to Delos Curtis and the plaintiffs. The allegations are that the grantor made, executed, and delivered a conveyance of the premises to the parties named as grantees therein, that it was duly recorded, and that Delos Curtis held possession of the premises under it as life tenant. These facts, if proven, are sufficient to show execution and delivery of the instrument.

It is contended that plaintiffs have mistaken their remedy in bringing this action in equity, and that an action in ejectment would furnish them a complete and adequate remedy for the enforcement and protection of their rights. As above indicated, the complaint charges that the defendants fraudulently conspired with the life tenant and their mother to deprive plaintiffs of their interest in the premises, and that the defendants claim to own the property under a tax title procured by such fraud. It is clear that, in an ejectment action against the defendant in possession, the instruments and muniments of title flowing from the tax-sale proceeding could not be reached and would be left uncanceled, and that to secure relief against injurious acts affecting plaintiffs' interest in the land such fraudulent and hostile record titles could only be impeached by proof of transactions *aliunde* the record. Under such circumstances a suit in equity may be maintained to remove the clouds created by such fraudulent titles, and the court may in such suit decree the cancellation of such instruments and records and the execution of such conveyances as it may feel necessary to protect the plaintiffs' rights in the premises. As stated in *Swihart v. Harless,* 93 Wis. 211, 67 N. W. 413:

"Fraud is the foundation of the action, and the principal relief sought is the setting aside of the results of the fraud, and lawfully compelling removal of defendant's claim of record against plaintiff's title." *Pier v. Fond du Lac,* 38 Wis. 470; *Burrows v. Rutledge,* 76 Wis. 22, 44 N. W. 847; *Davenport v. Stephens,* 95 Wis. 456, 70 N. W. 661.

It is urged that plaintiffs have no interest in the premises, .and hence have no right to prosecute this action. The deed under which they claim from Lavina C. Curtis conveyed the premises to Delos Curtis during his life, conditioned that he allow plaintiffs to live with him during his life, if they desired to remain on the premises, and that after his death the property should belong to the survivors. The effect of this conveyance was to grant the premises to Delos Curtis for life. After his demise they belonged to the plaintiffs. Since the life tenant is now deceased, the plaintiffs may take the property under the deed, and they are entitled to the possession of it.

It is also averred that the action is barred by the statutes of limitation. It is obvious that the limitations prescribed by secs. 1188, 1189a, 1189b, Stats. (1898), have no application to the cause of action alleged in the complaint, since these sections have no application to an action to annul a tax title for fraud in the proceedings. *Fox v. Zimmermann*, 77 Wis. 414, 46 N. W. 533. As we have heretofore indicated, the foundation of the action is fraud, against which relief is sought by invoking the general powers of equity to compel a cancellation of the tax proceedings and the conveyances based thereon, or, to protect plaintiffs in their ownership of the property, the conveyance of the claims and interests secured thereby to them. The power to grant relief from the consequences of the fraud alleged is within the established jurisdiction of equity, has been exercised from an early day, and is embraced within the provisions of subd. 7, sec. 4222, Stats. (1898), under which the cause of action "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." *Pier v. Fond du Lac, supra; Kruczinski v. Neuendorf*, 99 Wis. 264, 74 N. W. 974; *Davenport v. Stephens, supra; McMahon v. McGraw*, 26 Wis. 614; *Fox v. Zimmermann, supra*. It is alleged that the plaintiffs had no knowledge of any of the facts concerning the fraud charged until after the death of the life

tenant, which occurred in 1907. If this is established as a fact, then the action is not barred by limitation. The court properly overruled the demurrer.

*By the Court.*—The order appealed from is affirmed.