NILAND, Appellant, vs. NILAND, Administrator, and another, Respondents.

*September 19—October 7, 1913.*

*Executors and administrators: Allowances: "Income of the real estate."*

1. Under sub. 2, sec. 3935, Stats., providing for an allowance to the widow and minor children "out of the personal estate or the income of the real estate of the deceased," the words "income

of the real estate" mean *net* income, or what is left after fixed
charges of upkeep of the estate are paid.

2. `An order of the county court granting an allowance to the
widow of a certain sum per month, to be paid out of the per-
sonal estate or the income of the real estate, requires the ad-
ministrator to pay only to the extent of such personal estate
and the net income of the real estate.

APPEAL from a judgment of the circuit court for Fond du
Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of
*E. Blewett,* and for the respondent administrator on that
of *Reilly, Fellenz & Reilly.*

KERWIN, J. This is an appeal from a judgment of the
circuit court for Fond du Lac county.

John Niland died intestate in Fond du Lac county, Wis-
consin, on the 27th day of May, 1910, being at the time of
his death a resident of said county, and leaving an estate con-
sisting entirely of real estate, except a few articles of per-
sonal property and household furniture not sufficient to sat-
isfy the widow's statutory allowance. The real estate was
inventoried and appraised at $6,250. The deceased left him
surviving his widow, the appellant, and two sons of a former
marriage, his only heirs at law.

On the 27th day of June, 1910, the widow made applica-
tion to the county court for an allowance, and said court made
an order granting the application and making an allowance
of $30 a month to be paid out of the personal estate or in-
come from the real estate during the progress of the settle-
ment of the estate. On the 4th day of May, 1912, the ad-
ministrator gave notice of application for settlement of his
final account. The account of the administrator showed that
he had collected $960.50 as income from real estate. On the
20th day of May, 1912, the widow filed a petition showing
that her allowance under the order of the county court to the

27th day of April, 1912, was $720, of which amount she had received $420.50, leaving a balance of $299.50, and asking that said balance be paid her. The county court denied her application and entered an order allowing the administrator's final account. The widow appealed to the circuit court, and that court held that the disbursements shown to have been made by the administrator for taxes, insurance, and repairs on the real estate were properly paid out of the income from the real estate, and that the only amount to which the widow was entitled was the balance of such income after deducting such disbursements to the time of final settlement of the estate.

The question involved here is whether the administrator was warranted in charging taxes, insurance, and repairs on the real estate against the allowance. In other words, does the statute which gives the widow "income" out of the real estate of the deceased mean net or gross income? On the part of the appellant it is insisted that the statute means gross income, while on the part of the respondent it is insisted, as the court below held, that it means net income. The court below deducted the amount of taxes, insurance, and repairs paid by the administrator from $299.50, balance of gross income, and awarded the balance, $101.47, as balance due the widow on her allowance.

The statute under consideration is sub. 2, sec. 3935, which provides "the widow and minor children, or either, constituting the family of the deceased testator or intestate, shall have such reasonable allowance out of the personal estate or the income of the real estate of the deceased as the county court shall judge necessary for their maintenance during the progress of the settlement of the estate, but never for a longer period than until their shares shall be assigned to them. . . ."

The question raised by the assignment of error is whether the court erred in its decision finding that the word "income" in the statute means net income. There is some apparent

confusion in the authorities respecting the meaning of the word "income," but we think that the word as used in the statute under consideration was intended by the legislature to mean net income. True the word "income" has been construed to mean gross income or revenue derived from specific property, where from the language of the statute or contract gross income appeared to have been intended. Seligman in his work on Income Tax says that "income" is to be distinguished from mere receipts or gross revenue; that it is more than that which simply comes in from any economic activity. He further says: "By income is always meant net income, as opposed to gross income. In other words, from the receipts in any enterprise we must, in the first place, deduct the expenses of the enterprise—that is, the outlay incurred in securing the gross product." Page 19.

In *Andrews v. Boyd,* 5 Me. 199, the question arose on a devise by husband to his wife for her life of the "net income of one-third part of my homestead farm, together with my household furniture. . . ." In speaking of the devise the court said: "The rents and profits of the estate, the income, or the net income of it, are all equivalent expressions." To the same effect is *Earl v. Rowe,* 35 Me. 414.

The amounts paid by the administrator for taxes, insurance, and repairs were necessary to preserve the estate and secure the income; so we think it obvious that the income designated by the statute means net income after the payment of such charges. A tenant for life, entitled to the income from real estate, is bound to pay taxes and keep the premises in repair. *Phelan v. Boylan,* 25 Wis. 679; *Hart v. Hart,* 117 Wis. 639, 94 N. W. 890; *Boon v. Root,* 137 Wis. 451, 119 N. W. 121; 1 Washb. Real Prop. § 237. And it has been held that a tenant for years, independently of contract, must keep the premises "wind and water tight, and make fair and tenantable repairs." 1 Washb. Real Prop. § 804.

It is not contended that the amounts paid for repairs and upkeep were not necessary to render the premises habitable and rentable, and the taxes and insurance were necessarily paid. The court below in a written opinion in the record holds that the phrase "income of the real estate" means net income, or what is left after fixed charges of upkeep of the estate are paid, and that any other construction would subject a portion of the body of the estate to the payment of the allowance. We think this construction of the statute the proper one and that the income referred to in the statute means net income after such charges are paid.

We are cited to several authorities by counsel for appellant where the word "income" is construed to mean gross income or revenue derived from property regardless of expenses incurred. Some of these cases involve the construction of wills and appear to turn upon the particular language used as indicating the intention of the testator that gross income or revenue from specific property was intended, not net income, and are not controlling here. *In re Murphy,* 80 App. Div. 238, 80 N. Y. Supp. 530; *Thompson's Appeal,* 100 Pa. St. 478; *Eley's Appeal,* 103 Pa. St. 300; *Sohier v. Eldredge,* 103 Mass. 345.

Other cases are cited arising on statutes where the context makes clear that gross income or revenue was intended. *Bates v. Porter,* 74 Cal. 224, 15 Pac. 732; *Tompkins v. L. R. & Ft. S. R. Co.* 15 Fed. 6; *People ex rel. McMaster & H. v. Niagara,* 4 Hill (N. Y.) 20; *Mundy v. Van Hoose,* 104 Ga. 292, 30 S. E. 783.

It is further insisted by counsel for appellant that the order making the allowance could not be modified, and that the gross amount due under that order should have been paid. There might be force in this contention if there was sufficient net income to pay the allowance in full. But the allowance could only be paid out of the net income, and of course if there was not sufficient net income to pay the full amount or-

dered, the administrator could only pay to the extent of the net income in his hands. This the court below ordered done. It follows that the judgment of the court below is right and must be affirmed.

*By the Court.*—The judgment of the court below is affirmed, and the cause remanded for further proceedings according to law.