In re HALL'S ESTATE
HURLBURT, Appellant, v. HALL, Respondent.
No. 8961.
Submitted October 11, 1950. Decided November 15, 1950.
224 Pac. (2d) 183.

Mr. Rock D. Frederick, Whitefish, for appellant.
Mr. Lloyd I. Wallace, Polson, for respondent.

MR. CHIEF JUSTICE ADAIR:

Allen B. Hall on August 28, 1940, died intestate, leaving a small estate consisting wholly of personal property situate in Sanders county, Montana, where he resided. Hall left two surviving heirs-at-law, they being his widow, Hulda A. Hall, the respondent herein, and Lucy Hall, a daughter by a former marriage, then aged 16 years, the appellant herein.

On September 23, 1940, the respondent widow, Hulda A. Hall, was duly appointed and qualified as administratrix of her husband's estate and on December 9, 1940, the court granted respondent a family allowance of $35.00 per month commencing on October 1, 1940.

At the time of her father's demise, the appellant, Lucy Hall, resided at Whitefish, Montana, with her aunt, Lucy J. Hanson, and on May 2, 1941, on petition of the latter as guardian of appellant, the court granted appellant a like sum of $35.00 per month as a family allowance, also commencing October 1, 1940.

From October 1, 1940, to October 1, 1941, the receipts of the estate amounted to $1,552.00 while the disbursements totaled $1,515.50, leaving a balance on hand of only $36.50. During such period the respondent widow was paid the sum of $420.00 and the appellant daughter was paid the sum of $420.00, or a total of $840.00 pursuant to the family allowance orders of the court.

Funeral expenses and the expenses of administration have preference over the family allowance, R. C. M. 1947, sec. 91-2404, and such expenses were paid by the administratrix out of the funds of the estate.

From October 1, 1941, to August 14, 1944, the administratrix received only the sum of $49.20. During such period covering some two years and ten months the estate was without funds to pay the family allowance for which reason no such allowance was paid to either the respondent widow or to the appellant daughter.

In July 1942, the appellant daughter attained the age of 18

years. Upon thus becoming an adult, R. C. M. 1947, sec. 64-101, appellant's right to receive a family allowance under R. C. M. 1947, sections 91-2401, 91-2402 and 91-2403 terminated.

On November 28, 1943, appellant was married to one Hurlburt. Thereafter appellant was required to look to her husband for her support and not to the estate of her father.

R. C. M. 1947, section 91-3604, provides: "The executor or administrator, as soon as he has sufficient funds in his hands, may pay the funeral expenses and the expenses of the last sickness, and the allowance made to the family of the decedent. * * *"

Clearly the administratrix was not required to pay appellant's ▇ allowance when there were not sufficient funds in the estate to pay same, In re Smith's Estate, 118 Cal. 462, 50 Pac. 701; Niland v. Niland, 154 Wis. 514, 143 N. W. 170, nor was the representative required to pay the allowance out of her own funds. 2 Bancroft's Prob. Prac., sec. 752, p. 1344.

So far as is shown by the record before us the decedent's estate consisted of a boat, an old automobile, a few small pieces of furniture and a 1/8th royalty interest in a mining claim. The respondent administratrix was not able to obtain possession of the boat which was taken to the home of Lucy J. Hanson at Whitefish, Montana, she being the sister of decedent, and the aunt and guardian of the appellant. The pieces of furniture and the automobile were in the possession of and adversely claimed by the party with whom the decedent was living at the time of his demise. The administratrix and her attorney both made a thorough investigation as to all the property and the attorney testified that the automobile had been wrecked; that it and the furniture in dispute were of insufficient value to justify the expenses of a suit to recover same and that the outcome of such an action, if instituted, would be exceedingly doubtful as the only witness who would contradict the representations of those asserting title to and adversely claiming the articles was dead.

The respondent administratrix sought to interest certain mining companies in working and leasing the mining claim. On

January 18, 1944, she petitioned the court for authority to accept a compromise settlement of 4% royalty on the estate's 1/8th interest in the mining claim, such royalty being the maximum that could be obtained through the Reconstruction Finance Corporation, the lending agency with whom a $5,000.00 loan was being negotiated by a lessee mining company. After hearing had thereon, the court made an order granting respondent's petition, wherein it expressly found the estate would be benefited thereby. Following the making of such order and in the period from August 14, 1944, to October 28, 1946, the lessee mining company paid to the respondent administratrix $793.79 in royalty, as is shown in the final account of the administratrix filed July 11, 1949. Of this aggregate amount the sum of $219.89 was expended by the administratrix in the payment of necessary expenses incurred in administering the estate, and the balance in the amount of $659.60 she paid to herself to be applied on the amount owing on the family allowance so granted her.

On July 20, 1949, the appellant Lucy Hall Hurlburt filed written objections to the final account of the administratrix wherein she demanded that the administratrix be required to pay the appellant the sum of $379.80, representing one-half of the $659.60 so received by the respondent and credited on the family allowance granted her.

A hearing was had on the final account and on appellant's objections thereto, at which hearing both the respondent administratrix and her counsel testified and submitted to cross-examination by appellant's counsel. Neither the appellant nor her counsel took the witness stand, nor was any testimony introduced in appellant's behalf. Following the cross-examination of respondent's counsel, the presiding judge inquired whether appellant had anything to submit on her side of the case, to which appellant's counsel replied, ''I don't know whether this is proper or not. I would like to offer in evidence the entire file in connection with this case, and that is all we have to offer.''

Thereupon the entire court file in the case was received in evidence.

October 11, 1949, following the hearing, the court made an order wherein it denied appellant's objections to the final account, decreed the settlement thereof and ordered distribution of the estate.

This is an appeal from such order and decree.

Counsel for the administratrix moved that appellant's proposed bill of exceptions have incorporated therein the entire district court file in the case and, at the settlement of appellant's proposed bill of exceptions, the district court announced: ''The entire file had to be considered by this court in making the order overruling the objections and such entire file should be included in the transcript on appeal to the supreme court, and the clerk of this court is directed in making up such transcript on appeal to include the entire file.''

Notwithstanding the respondent's precautions and the specific order and directions of the presiding judge, the entire district court file was not incorporated in the transcript on appeal filed in this court. The amendments proposed by respondent to the bill of exceptions were not incorporated in the record as is authorized by R. C. M. 1947, section 93-5505, nor was there any application to this court for leave to correct such errors in the transcript as is authorized by R. C. M. 1947, sec. 93-8021. Omitted from the record filed by appellant's counsel in this court are: (1) The inventory and appraisement of the estate; (2) The annual account of the administratrix filed October 3, 1941, and approved by the district court on December 10, 1941; (3) claim against the estate by one Mabel Ashcraft; (4) the papers and records pertaining to a suit brought against the administratrix by Mabel Ashcraft on her disallowed claim; (5) the papers, orders and records pertaining to the settlement by the administratrix of the Ashcraft claim and suit; and (6) the papers, proceedings and records relative to certain claims filed against the estate by the appellant Lucy Hall Hurlburt.

The court in its decree found that the automobile in question had been wrecked and was valueless; that no property remains on hand for distribution and that the estate is in a condition to be closed. The decree further approved, allowed, confirmed and settled all of the accounts and proceedings of the administratrix including her final account.

Where the widow lacks the means essential for her support, ██ her maintenance during the course of the administration of the estate is a matter of public concern. For this reason the widow's claim to family allowance is strongly favored in the law. The statutes relating thereto rest in sound public policy and are to be liberally construed. Here, on appropriate petition, the district judge found the necessity for and granted a family allowance to the widow. While the judge subsequently made a like order for an allowance to decedent's daughter yet, at a time when the estate was wholly lacking in funds to pay either allowance, the daughter's right to an allowance became lost, first,—upon her attaining the age of eighteen years and next,—upon her marriage to Hurlburt. On the other hand the right of the widow to the allowance continued, it appearing she was still unmarried and in need at the time of the receipt of the royalty payments, all made long after appellant's right to an allowance had terminated. Under these facts and circumstances the district judge in the lawful exercise of a sound discretion declined to order the needy widow to share her wholly inadequate mite with appellant.

We find nothing in the record showing any abuse of discretion on the part of the district court or which would warrant this court in modifying or changing the district court's findings, order or decree in any particular. All appear to be supported by substantial evidence most of which stands uncontradicted. The order and decree are affirmed.

ASSOCIATE JUSTICES ANGSTMAN, METCALF, FREEVOURN and BOTTOMLY, concur.