GEISINGER, Respondent, vs. BEYL, Appellant.

*October 21 — November 17, 1891.*

*Ejectment: Tax titles procured by agent: Special verdict: Proof of non-occupancy of land.*

1. The evidence in this case is *held* to sustain a special finding by the jury that when certain tax deeds were procured by the defendant he was the agent of the plaintiff for the purpose of selling or caring for the plaintiff's interest in the land. The tax deeds were, therefore, a fraud upon the plaintiff, and vested no title in the defendant.

2. As a general rule, a question for a special verdict should not be framed in the alternative or disjunctive, since the answer to such a question may not necessarily express the unanimous verdict of the jurors. In this case, however, as the testimony which tended to prove that defendant was plaintiff's agent to care for the land tended to prove that he was agent to sell also, and *vice versa,* and the jury could not have found that he was agent for one purpose and not for the other, the finding that he was agent "for the purpose of selling *or* caring for the plaintiff's interest in the land" is *held* sufficient.

3. In ejectment against a tax title claimant who was not in the actual possession of the land, the plaintiff must show that it was unoccupied.

4. The special verdict in this case containing no finding of non-occupancy, and there being no general verdict, the judgment for the plaintiff cannot be upheld unless non-occupancy was proved by the uncontroverted evidence.

5. It seems to have been understood on the trial that there was sufficient proof of non-occupancy, and in submitting the questions for the special verdict the court said that they involved "all the controverted facts of the case upon which plaintiff founds his claim." The defendant made no objection or suggestion at the time. *Held,* that he cannot on appeal dispute the sufficiency of the proofs of non-occupancy.

APPEAL from the Circuit Court for *Polk* County.

The action is ejectment to recover certain land in Barron county. This is the third appeal herein. On the first appeal an order refusing to vacate a judgment for the plaint-

iff, based upon a verdict in his favor, was reversed, because such judgment was entered in violation of an order in the cause, which, although irregular, had not been vacated and was not void. 44 Wis. 258. After the case was remitted, the circuit court refused to vacate such order, and gave judgment for the defendant. The second appeal was from such judgment. This court held the order erroneous which proved fatal to the first judgment, and reversed the judgment for the defendant. The circuit court was directed to give judgment for the plaintiff on the verdict in his favor, which had not been disturbed. 71 Wis. 362. Pursuant to such direction, the circuit court gave judgment for the plaintiff. The defendant thereupon paid the costs, and took a new trial under the statute. R. S. sec. 3092.

On the last trial the plaintiff proved title to the land in controversy, unless the same was divested by the tax deeds hereinafter mentioned. He then put in evidence two tax deeds, duly recorded, covering all the land in controversy, executed in 1871 by the proper officer to one August Steinke, and a quitclaim deed of the same land executed by said Steinke to the defendant in 1872. These tax deeds are valid on their face, and their validity was not impeached for any error or irregularity in the tax proceedings upon which they are based. The deeds were offered for the purpose of showing that defendant asserted a claim of title to the land. The defendant testified that he purchased of the county the tax certificates upon which these tax deeds were issued to Steinke, paid his own money therefor, and caused such deeds to be issued and recorded pursuant to a previous understanding with Steinke.

The defendant introduced two other tax deeds of the same land, issued to himself and duly recorded, one in 1872, and the other in 1874, each of which is also valid on its face, and neither of which was in any manner impeached for error in the tax proceedings.

The plaintiff introduced testimony tending to show that when defendant caused such tax deeds to be issued and recorded he was the agent of the plaintiff for the care and sale of the land in controversy.   On this subject the testimony is somewhat in conflict.

The jury found specially that the defendant was the agent of the plaintiff for the sale or care of the land when the tax deeds were executed; that the defendant claimed title to the land by virtue of such deeds; and that the plaintiff is the owner and entitled to the possession thereof.   No general verdict was returned.

A motion by defendant for a new trial was denied, and judgment for plaintiff for the recovery of the land was ordered and entered.   The defendant appeals from the judgment. .

For the appellant there were briefs by *Baker & Helms*, and oral argument by *H. C. Baker.*

*Chas. C. Willson,* for the respondent.

Lyon, J.   1.  The learned counsel for defendant earnestly contended in his argument that there is no testimony to support the finding of the jury that when the tax deeds. were executed defendant was the agent of the plaintiff for "selling or caring for the plaintiff's interest in the land in question."  We do not agree with counsel in this view of the testimony.

Plaintiff resided at Rochester, in Minnesota, and the defendant resided in Barron county, in this state, near the land.   The parties had considerable correspondence in 1869, 1870, and 1871 concerning the land.   Some of the letters which passed between them are in evidence, and the contents of others, which had been lost or destroyed, were testified to on the trial.   This testimony will not be repeated here.   It is sufficient to say of it that, if true, it proves that the defendant was, at the times mentioned, the

agent of the plaintiff, not only to look after and care for the land, but to sell it. In either case it was a violation of his duty to take a tax deed of the land to himself or another, for it was his duty to protect and preserve plaintiff's interest therein. Hence the tax deeds were a fraud upon the plaintiff, and vested in defendant no title to the land. At most, the purchase of the tax certificates by the defendant was a redemption of the land from the tax sales thereof.

A criticism is made upon the language of the special finding, which is in the disjunctive. It required the jury to find whether defendant was such agent for the purpose of "selling *or* caring for" plaintiff's interest in the land, etc. It is argued that some of the jurors may have found that he was such agent for *selling*, but not for *caring* for, the land, while others of them may have found that he was agent to *care* for the land, but not to *sell* it; and hence that the finding does not demonstrate that it represents the unanimous opinions of the jurors. As a general rule, a question for a special verdict should not be framed in the alternative or disjunctive, but should be plain, single, and direct. A violation of this rule may introduce into the verdict an element of uncertainty, subjecting it to the criticism made in this case. But under the testimony we think the criticism is not applicable here, for the reason that the testimony which tended to prove that defendant was agent to care for the property, in like manner tended to prove that he was agent for the sale thereof as well, and *vice versa*, and the jury could not well have found that he was the agent for one purpose and not the other. Hence the verdict must have been the same had the question been framed in the conjunctive instead of the disjunctive, or had two questions been submitted, one as to the agency to sell, and the other as to the care of the land. For these reasons we think the answer of the jury to the question under consideration necessarily expresses the unanimous verdict of the jurors, and

that the objections thereto are, under the circumstances of the case, entirely technical and unsubstantial.

We conclude, therefore, that the finding on the subject of defendant's agency is supported by the testimony, and demonstrates that the defendant took no title to the land under any of the tax deeds.

2. There is no testimony tending to show, and it is not claimed, that the defendant was in the actual possession of the land in controversy when the action was commenced. It is therefore undoubtedly essential to the plaintiff's right of action that he prove that the land was then unoccupied. *Pier v. Fond du Lac*, 38 Wis. 470. The special verdict contains no finding to that effect. Hence, unless such non-occupancy is proved by the uncontroverted evidence, the judgment cannot be upheld. Such is the rule of *Hutchinson v. C. & N. W. R. Co.* 41 Wis. 541, and many other cases decided by this court. It is claimed on behalf of defendant that there is no testimony on the subject. Were such the fact, we would be called upon to determine whether there is any legal presumption of occupancy or non-occupancy,— a question suggested, but not determined, in *Pier v. Fond du Lac, supra.* But, for reasons that will now be stated, we think the fact is otherwise.

At the commencement of the trial the plaintiff proved his title to the land prior to the execution of the tax deeds. He then introduced the record of the deed executed by Steinke to the defendant, to show that the latter claimed title to the land, and rested his case. The defendant thereupon moved for a nonsuit on the ground that "there was no evidence of any possession by the defendant of the lands in question." If the burden of proving non-occupancy is on the plaintiff, in the then state of the proofs the motion should have prevailed. But the court permitted the plaintiff to introduce further testimony, and he thereupon put in evidence the correspondence between the parties before

mentioned, and the tax deeds to Steinke. It may reasonably be inferred from several passages in letters written by the defendant that the land was unoccupied when the letters were written. There being no testimony to the contrary, the legal presumption is that they remained unoccupied until this action was commenced. It seems to have been understood and conceded on the trial that plaintiff had supplied the proof of non-occupancy, for at the close of his testimony defendant again moved for a nonsuit on the sole ground that the alleged agency of defendant had not been proved. Had he not understood that the proof of non-occupancy had been supplied, it is reasonable to believe he would also have assigned the want of such proof as an additional ground for nonsuit. The record contains no further mention of the subject.

But there is another fact in the case which is fatal to the objection under consideration. The court said to the jury that "the questions which the court directs you to answer involve all the controverted facts of the case upon which plaintiff founds his claim." No exception was taken to this language. If the defendant thought that the non-occupancy of the land was a controverted fact in the case, or was entirely unproved, then was the time for him to speak. But he failed to do so. His silence is equivalent to an admission that the non-occupancy was proved. A suggestion on the trial that the plaintiff's proofs were defective in this particular would no doubt have called out further proof on the subject, or led to a submission of the question to the jury, or to a direct ruling that non-occupancy was sufficiently proved. Under the circumstances, it would be most unjust to permit the defendant to dispute the sufficiency of the proofs in that behalf.

The foregoing observations dispose of the points urged for a reversal of the judgment. The record discloses no material error.

*By the Court.* — Judgment affirmed.