KRECKEBERG and another, Appellants, vs. LESLIE, Respondent.

*September 24 — October 15, 1901.*

*Ejectment: Adverse possession: Evidence: Declarations as to title.*

1. In ejectment to recover a strip of land two rods wide, of which the paper title was in plaintiff, defendant claimed that the strip had been adversely used for more than twenty years by the public as a

Kreckeberg and another vs. Leslie.

highway and by himself as a private way, but there was no evidence of any travel over a part of the strip, at least one rod wide, lying on one side of a fence which ran longitudinally through the strip and bounded plaintiff's occupancy. *Held*, that it was error to direct a verdict for defendant.

2. Declarations of one in possession of land, characterizing or defining his possession and claim thereto, are admissible in evidence against those claiming under or in privity with him.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action of ejectment for three small parcels of land. It appeared that plaintiffs were the owners of the W. ½ of the S. E. ¼ of section 28, except a strip in the northwest corner thereof fourteen rods long east and west, by two rods wide north and south. Defendant was the owner of the land north of the plaintiffs', including said fourteen-rod strip. Full paper title was established by the plaintiffs, and the defendant denied claim or possession of one of the parcels, except the west thirty-three feet thereof, and set up claim to the west thirty-three feet of that parcel and the whole of parcel No. 2, on the ground of adverse occupancy as highway, both by himself so as to give a private right of way and by the public so as to establish a public highway. The thirty-three feet so claimed was bounded on the west by the north and south quarter-section line, constituting the west line of plaintiffs' property, and on the north by the south line of said fourteen-rod strip. It extended southerly indefinitely so far as description went, but far enough to include the second parcel sued for and the west thirty-three feet of the first parcel. Evidence was given of such use, as also was evidence given of adverse possession of the third parcel, situated elsewhere, which also was claimed to be north of the east and west quarter line of section 28, and therefore outside of plaintiffs' ownership.

At the close of the evidence the circuit court directed a verdict for the defendant, and overruled a motion to set

aside that verdict and for a new trial as contrary to the evidence, whereupon judgment was entered in favor of the defendant, from which the plaintiffs appeal.

*Humphrey Pierce*, for the appellants.

For the respondent there was a brief by *A. M. Spencer*, attorney, and *John Bottensek*, of counsel, and oral argument by *Mr. Spencer*.

DODGE, J. 1. The judgment in this case must be reversed for the reason that a portion of the land, of which paper title, is conceded to be in plaintiffs, and to which defendant sets up adverse claim in his answer, is not clearly shown to have been used either by the public or by the defendant adversely for any definite period of time, if at all. The defendant claims that all of parcels "one" and "two" lying within thirty-three feet of the north and south quarter-section line has been occupied, used, and traveled adversely to plaintiffs for more than twenty years. His proof shows, or tends to show, travel over a strip of land bounded on the west by a fence approximately two rods west of the quarter line, and on the east by an old rail fence which had constituted the western boundary of the occupation by plaintiff and his grantors for many years. There is no evidence whatever of travel to the eastward of the last-mentioned fence. There is evidence to show that such latter fence was nowhere more than one rod east of the quarter-section line. The plaintiffs say its distance varied from one rod at the north end to eight or ten feet at the south end, and there is other evidence to the same effect. Thus at least one rod of the thirty-three feet claimed by defendant lies to the eastward of such fence, and without the limits of the traveled strip. There is no sufficient proof to overcome or devest plaintiffs' legal paper title thereto, and, defendant's occupation and claim thereof being admitted, plaintiffs should at least have had their right thereto submitted to the jury, and the direction

of verdict was erroneous. This, of course, necessitates re-' versal of the whole judgment, and remission for a new trial, and renders unnecessary consideration of the sufficiency of the evidence on the last trial to sustain defendant's claims to other portions of the land.

2. Error is assigned upon refusal to permit plaintiffs to show certain declarations made by the defendant's ancestor characterizing his use or occupancy of some of the property in dispute. It is not necessary to decide whether the questions disallowed were proper. They were somewhat vague. It will suffice to point out that declarations of one in possession of land, characterizing or defining his possession and claim thereto, are admissible in evidence against those claiming under or in privity with him. 1 Jones, Ev. § 240 *et seq.*; 2 Jones, Ev. § 355 *et seq.*; *Lamoreux v. Huntley*, 68 Wis. 24, 33.

*By the Court.*— Judgment reversed, and cause remanded for new trial.