Griswold, Respondent, vs. Nichols, Appellant.

*November 18—December 12, 1905.*

*Evidence: Declarations: Character of possession: Res gestæ: Reiteration of testimony: Sale of chattels without delivery: Presumption of fraud: Rebuttal: Appeal: Bill of exceptions.*

1. When the character of a party's possession of property, either real or personal, is in question and material to the litigation, the statements made by such party while in possession, if apparently made in good faith, are admissible in evidence on his behalf upon the ground that the possession of the property is a continuous act and that the declarations accompanying such possession are in fact a part of the act of possession and hence a part of the *res gestæ.*

2. If the declarations in such case assert facts with reference to the title, such as the purchase of the property of another, they are not evidence of such facts, but only evidence so far as they go to the extent or character of the title claimed.

3. Refusal to allow on cross-examination a question calling merely for a reiteration of testimony already given by the witness, was not error.

4. The presumption of fraud arising under sec. 2310, Stats. 1898, in case of a sale of chattels without immediate delivery and change of possession, is rebutted by proof that a full and adequate consideration was paid.

5. Error assigned upon the denial of a motion for a new trial on the grounds of misconduct of a juror and newly-discovered evidence cannot be considered on appeal where the affidavits used upon the motion are not incorporated into the bill of exceptions nor identified in any way.

Appeal from a judgment of the circuit court for Sauk county: E. Ray Stevens, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Bentley & Kelley,* and oral argument by *F. R. Bentley.* To the point that plaintiff's declarations as to the ownership of the horses were not admissible in his favor, they cited 1 Jones, Evidence, § 236; 2 id. §§ 300, 354; *Carroll v. Frank,* 28 Mo. App. 69; *Stone v. O'Brien,* 7 Colo. 458, 460; 24 Am. & Eng. Ency. of Law (2d ed.) 690, 691; *Knapp v. Schneider,* 24 Wis. 70, 73; *Cohn v. Heimbauch,* 86 Wis. 176, 179; *Sweet v. Wright,* 57 Iowa, 510, 10 N. W. 870.

*Daniel Ruggles,* for the respondent.

WINSLOW, J. This is an action of replevin to recover certain bar furniture and two horses seized by the defendant as sheriff upon an execution against the plaintiff's son. The case was here on a previous appeal (117 Wis. 267, 94 N. W. 33), and the nature of the issues and the leading facts will be found stated in the statement of facts there made. The case has been again tried before a jury and a judgment rendered for the plaintiff, from which the defendant appeals. The errors claimed which are deemed of sufficient importance to require discussion will be considered in their order.

1. Upon the trial one Burch, a witness for the plaintiff, was allowed to testify, against objection, that he had a conversation with the plaintiff as to the ownership of the horses after their alleged transfer to the plaintiff and before the commencement of the action, and while they were in plaintiff's manual possession, in which the witness asked the plaintiff if they were his horses, and plaintiff said "Yes," and the witness asked the plaintiff, "What in the world did you want to get some more horses for?" and the plaintiff replied: "It is a ground-hog sale. This and some saloon fixtures that I am going after is all I got to show"—he stated the sum of money invested in Chicago. The defendant's contention is that these statements were purely self-serving declarations and hence inadmissible, and this is the question first to be consid-

ered.   The plaintiff claimed to have obtained the horses from
the firm of which his son was a member in payment of a pre-
existing firm debt.   The defendant claimed that the horses
were the property of the son and not of the firm, and that the
son had made a pretended transfer to the plaintiff which was
fraudulent and void as to the creditors of the son.   The evi-
dence tended to show that the horses were shipped by rail-
road from Chicago to the plaintiff and were received by him
and kept in his barn for some time before the seizure, but it
also showed that the plaintiff's son lived with his father dur-
ing that time and assisted in attempting to sell the horses.
Upon this state of facts the defendant claimed that there was
no actual and continued change of possession of the horses
within the requirements of sec. 2310, Stats. 1898, and hence
that there was a presumption that the transfer was fraudulent
as to creditors of the son.   Thus it appears that, while the pri-
mary question was the question of the ownership of the horses,
the question of the character of the plaintiff's apparent posses-
sion was important as bearing upon the primary question of
ownership.   Since the early case of *Roebke v. Andrews,* 26
Wis. 311, the principle has been well settled in this state that
when the character of a party's possession of property, either
real or personal, is in question and material to the litigation,
the statements made by such party while in possession, if ap-
parently made in good faith, are competent to be introduced
in evidence upon the ground that the possession of property is
a continuous act, and that the declarations accompanying such
possession are in fact a part of the act of possession and hence
a part of the *res gestæ. Lamoreux v. Huntley,* 68 Wis. 24,
31 N. W. 331; *Cuddy v. Foreman,* 107 Wis. 519, 83 N. W.
1103; *Kreckeberg v. Leslie,* 111 Wis. 462, 87 N. W. 450;
*Vagts v. Utman,* 125 Wis. 265, 104 N. W. 88.   If the dec-
larations assert facts with reference to the title, such as the
purchase of the property of another, they are not evidence of
such facts, but only evidence so far as they go to the extent or

character of the title claimed. *Roebke v. Andrews, supra.*
Probably few rules of evidence have been more frequently
acted upon in the trial of actions in the trial courts than this
rule, and we do not feel it necessary to re-examine or open the
question now, notwithstanding the very vigorous assault made
upon the rule by appellant's counsel. Properly administered
and applied, it is a valuable and wholesome rule and tends to
aid in the administration of justice.

2. Upon cross-examination the plaintiff was asked whether
his son handled his horses for him as his agent, and an objec-
tion to the question was sustained. This ruling might be dif-
ficult to sustain did it stand alone, but the bill of exceptions
shows that the plaintiff had previously been asked practically
the same question and had replied in the affirmative; hence
there was no error in refusing to allow a reiteration of the
same testimony.

3. In his charge to the jury the circuit judge gave the fol-
lowing instruction:

"The laws of this state provide that a sale of such goods as
are involved in this action shall be presumed fraudulent as
against creditors unless the same be accompanied by an imme-
diate delivery and followed by an actual and continued change
of possession. You will note that this rule only applies when
there has not been some immediate delivery and change of
possession. If there had been no such delivery or change of
possession the presumption of fraud is fully rebutted by proof
that a full and adequate consideration has been paid for the
property in question. Giving credit on an existing *bona fide*
indebtedness is such full and adequate consideration."

The appellant contends that the latter part of this instruc-
tion explanatory of the statute is erroneous. It is perhaps
sufficient to say that the charge is fully in accord with the de-
cision of this court upon the former appeal in this case (117
Wis. 267, 271, 94 N. W. 33), and hence there can be no error.
Apart from this consideration, however, the instruction is cor-
rect. The effect of it is simply to inform the jury that the

proof that a full and adequate consideration was paid rebuts the presumption of fraud raised by sec. 2310 in case of no immediate delivery and change of possession. The jury were not told that fraud was *disproved* by proof of the payment of a full consideration, but simply that the statutory presumption was rebutted. Whether fraud appeared from other proof was a question still open.

4. The defendant moved for a new trial on the ground of misconduct of a juror and on the ground of newly-discovered evidence, and error is claimed because the motion was overruled. We cannot consider this assignment because the affidavits used upon the motion are not incorporated in the bill of exceptions, nor are they attached thereto, nor described in any way by which they can be identified.

Certain instructions were asked for by the defendant and refused, but as no exceptions were preserved to these rulings we cannot consider them.

*By the Court.*—Judgment affirmed.

SIEBECKER, J., took no part.