T. D. KELLOGG LUMBER & MANUFACTURING COMPANY, Appellant, vs. WEBSTER MANUFACTURING COMPANY, Respondent.

*September 18—October 5, 1909.*

(1-4) *Evidence: Account books: Principal and agent: Admissions of agent: Self-serving declarations: Assignor and assignee.* (5) *Appeal: Exceptions.* (6) *Tax titles: When agent may purchase principal's land.*

1. Entries in account books are not, under sec. 4187, Stats. (1898), admissible as evidence of any item of money paid at one time exceeding five dollars.
2. Unsworn statements or admissions of an agent are not evidence in favor of the principal.

3. In an action by a grantee of land upon a covenant against in-
cumbrances to recover a sum paid in redemption of a tax cer-
tificate, declarations in a letter written by an agent of defend-
ant, found in its files, stating that another agent had bought
in the certificate in his own name and that defendant had made
a draft to make up the amount thereof, were mere self-serving
declarations and not admissible on behalf of defendant to show
that the certificate was taken by the agent for defendant and
that the transaction amounted to a payment of the taxes.

4. Admissions of the agent who took the tax certificate in his own
name, that he took it for defendant, are not admissible against
plaintiff under the doctrine that the admissions of an assignor,
made prior to the assignment, are admissible against the as-
signee. Plaintiff having redeemed from the tax sale and hav-
ing sued for breach of the covenant against incumbrances, is
not claiming as assignee of the agent.

5. Where findings necessary to support the judgment were suffi-
ciently excepted to and are unsupported by competent evidence
the judgment will be reversed, and it is immaterial that the
exception to another finding was insufficient.

6. A person employed by a lumber company as superintendent and
in charge of its business in a county was not precluded by such
position from taking a certificate in his own name at a tax sale
of the company's land, where he was not charged with the duty
of paying the taxes nor furnished with money for that purpose.

APPEAL from a judgment of the circuit court for Langlade
county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought to recover $521.61 paid November
19, 1904, in redemption of a tax certificate alleged to be out-
standing against the real estate of plaintiff, purchased from
the defendant through one T. D. Kellogg. The action was
based upon covenants against incumbrances, and it was al-
leged that the tax certificate was an outstanding incumbrance
against plaintiff's property, and before action brought the
plaintiff paid the amount due on the certificate to the county
clerk of Langlade county and brought this action to recover
it from the defendant upon a warranty. The action was
tried by the court, and the court found that on the 22d day
of December, 1898, the defendant was the owner of the real
estate in question and conveyed the same by warranty deed

to one Kellogg, who conveyed to the plaintiff, and that simultaneously with the delivery of said warranty deed the defendant executed and delivered to Kellogg a writing whereby it agreed to save Kellogg harmless from all tax certificates outstanding against said real estate; that in May, 1897, said lands were sold for taxes to one W. C. Weeks for the sum of $245.13 and a certificate in the usual form issued to said Weeks; that between 1892 and the date of the conveyance of the premises by defendant, Weeks was in the employ of defendant as superintendent and had charge of its business in Langlade county; that A. J. Webster was president and manager of defendant, and all transactions and communications between Weeks and the defendant were conducted on behalf of defendant by said A. J. Webster, and that said Webster died in 1903; that during the superintendency of said Weeks the defendant kept a bank account in the city of Antigo, Langlade county, and Weeks as superintendent and agent of defendant drew checks against said bank account and made drafts on the home office at Superior for the benefit of the bank account at Antigo in the name of defendant by Weeks, superintendent; that in purchasing the tax certificate Weeks acted as agent of defendant, and purchased such certificate with the money of the defendant and held it for its benefit; that in March, 1898, defendant brought an action against Langlade county, Weeks, and others to set aside the taxes for which said land was sold and for which the certificate had issued to Weeks; that the action was brought by an attorney employed on behalf of defendant by Weeks, and that said Weeks on behalf of defendant controlled said action and made all communications with the attorney so employed; that Langlade county in its answer averred that said Weeks bought and held this certificate as the agent of defendant and that his purchase of it amounted to a payment of the taxes; that this action was never brought to trial and has never been disposed of; that on February 16, 1903, said

Weeks commenced an action against the plaintiff to foreclose said tax certificate pursuant to sec. 1181, Stats. (1898), which action is denominated the "Weeks action;" that soon after the Weeks action was begun and on February 18, 1903, the plaintiff herein notified defendant in this action of the commencement of said action, and that if it did not give the matter immediate consideration it would be necessary for plaintiff to protect its interest in the action and hold defendant for all damages; that the Weeks action remained pending in the Langlade county circuit court until the fall of 1904; that in September, 1904, the plaintiff demanded of defendant that it redeem from the tax certificate in question, so as to clear the title to the property and let the money remain in court in lieu of the certificate lien, and told defendant that if this were not done plaintiff would redeem and look to defendant for its damages; that in reply to this the defendant offered to assume the defense of the action, but refused to redeem from the certificate, and advised against plaintiff doing so; that immediately after redemption by plaintiff, upon stipulation between plaintiff and Weeks, the Weeks action was discontinued; that at no time did the plaintiff tender defendant the defense of the Weeks action.

And as conclusions of law that the purchase by Weeks of the tax certificate constituted a payment of the taxes, and that such certificate was no lien against the premises in question, and that the redemption by plaintiff from the tax certificate raised no liability of defendant to plaintiff.

Judgment was entered accordingly that plaintiff take nothing and that the defendant, *Webster Manufacturing Company,* recover from the plaintiff the costs. From the judgment entered this appeal was taken.

For the appellant there was a brief by *Finucane & Conway,* and oral argument by *A. C. Conway.*

*H. V. Gard,* for the respondent.

KERWIN, J.   The vital question for determination upon this appeal is whether the tax certificate taken in the name of Weeks was a valid lien upon the real estate conveyed to plaintiff.   If so, then the plaintiff had a good cause of action against the defendant.   This question turns upon whether the proof establishes that the certificate was taken by Weeks for the defendant and therefore amounted to a payment of the taxes, and whether the relation of Weeks to the defendant in the matter was such as to prevent him from taking the certificate and thereby making it a lien upon the premises.   These questions involve an examination of the evidence as to whether or not it sustains the findings.   Much labor has been imposed upon the court on account of the indefinite and unsatisfactory condition of the evidence.   We have bestowed much labor upon the record with a view of discovering, if possible, sufficient competent evidence to support the findings in view of the well-settled doctrine of this court that, unless the clear preponderance of the evidence is against the findings, they cannot be disturbed.   We have in the first place the *prima facie* case made in favor of Weeks's title by the certificate, regular upon its face, in addition to the positive evidence of Weeks that he was the absolute owner of the certificate, corroborated by Gertrude Weeks, bookkeeper.   To meet this evidence the defendant attempted to make a case by statements in books of defendant kept by Weeks and his wife while in the employ of defendant, and letters and declarations written and made by agents of defendant.   The defendant put in evidence, under objection, certain entries on the cash book and ledger of the defendant company, which it was claimed tended to show payment by the defendant of an amount on a tax certificate corresponding to the amount of the tax certificate in question; also a letter in the handwriting of Gertrude Weeks, and found in the files of defendant's office, referring to the fact that the land had been sold for taxes and that Weeks had bought in the certificate in his

own name in order to save interest, and stating the amount paid for the certificate, which corresponds in amount with the certificate in question, and that the defendant had made draft for $200 to make up the amount of the certificate, $245.13. The draft also was found in the files of defendant's office, and is in evidence under objection. But the difficulty with this evidence is that it was incompetent. The entries in the books were not competent because no sufficient foundation was laid for their admission under the provisions of secs. 4186, 4187, Stats. (1898), and they were not, even if regularly in evidence, proof of payment of the item $245.13, being an item exceeding $5. Sec. 4187, Stats. (1898); *Winner v. Bauman,* 28 Wis. 563; *Brown v. Warner,* 116 Wis. 358, 93 N. W. 17. The letters and entries could only be admissible, if at all, as declarations of the agents of defendant, and upon this ground defendant's counsel claims they were competent, particularly the letter written by Gertrude Weeks, heretofore referred to, respecting the payment of the $245.13 on the tax certificate. No attempt was made to prove the facts, but the letter and other declarations of the agents of defendant were offered as evidence of payment. Such evidence was merely self-serving declarations and incompetent. *Anderson v. Fetzer,* 75 Wis. 562, 44 N. W. 838; *Befay v. Wheeler,* 84 Wis. 135, 53 N. W. 1121; *Chase v. Woodruff,* 133 Wis. 555, 113 N. W. 973; *Fay v. Rankin,* 47 Wis. 400, 2 N. W. 562; *Jilsun v. Stebbins,* 41 Wis. 235. It was not shown that the letter was written or sent by Gertrude Weeks; only that it was found in the files and was in her handwriting. The unsworn statements of an agent are not evidence in favor of the principal. 16 Cyc. 1205, 1206.

It is argued, however, by respondent that the declarations were not the declarations of agents of defendant, but admissions of W. C. Weeks made through his wife and agent; but both Weeks and his wife were agents of defendant in the transactions offered as evidence. It is further argued that the

admissions of Weeks were admissible against plaintiff because plaintiff is claiming under Weeks, under the doctrine that the admissions of an assignor made prior to the assignment are admissible against the assignee; citing *McCurdy v. Rogers,* 21 Wis. 199, and *Snyder v. Jennings,* 15 Neb. 372, 19 N. W. 501. But the rule has no application here. The plaintiff is not claiming as assignee of Weeks. Its cause of action is based upon breach of warranty by defendant. An examination of the authorities cited by respondent will show that they do not support his contention. *Snyder v. Jennings, supra,* is to the point that where a grantee of land, without the knowledge or consent of his grantor, surrenders possession to an adverse claimant, he cannot thereafter maintain an action upon the covenant of warranty without alleging and proving that the title which he surrenders is paramount to the title received from his grantor. *McCurdy v. Rogers, supra,* involves the question of personal liability of an agent, and the plaintiff sued as assignee of one Lent, and it was held that the admissions of Lent made before the assignment of his claim were admissible. This is the general doctrine. 1 Greenl. Ev. (15th ed.) § 190; *Hayward R. Co. v. Duncklee,* 30 Vt. 29; *Roebke v. Andrews,* 26 Wis. 311; *Kreckeberg v. Leslie,* 111 Wis. 462, 87 N. W. 450; *Vagts v. Utman,* 125 Wis. 265, 104 N. W. 88; *Lamoreux v. Huntley,* 68 Wis. 24, 31 N. W. 331; *Griswold v. Nichols,* 126 Wis. 401, 105 N. W. 815.

Counsel for respondent frankly admits that the books were not qualified under the statute so as to be admissible in evidence, but he says they were admissible as admissions of Weeks made by his agent, Gertrude Weeks. The admissions of Weeks and Gertrude were the admissions of the agents of defendant, as we have seen; therefore were not admissible in favor of the principal. It is also insisted that there was fraud and collusion between plaintiff and Weeks established; therefore declarations of Weeks were admissible in favor of de-

fendant. The court below made no findings upon this question, and we are not able to say upon the evidence that fraud was established.

Counsel for respondent further insists that there are no sufficient exceptions to the ninth finding, to the effect that defendant kept a bank account at Antigo and that Weeks drew checks against it and made drafts, on the ground that at least three distinct propositions are embraced in this finding and that the exception to it is too general. It is at least very doubtful whether this objection may not be good as to this finding under the doctrine laid down in *Ingersoll v. Seatoft,* 111 Wis. 461, 87 N. W. 460, and other cases in this court. But even if this be so, it does not help the respondent out of the difficulty, because other findings necessary to make the defendant's case are sufficiently excepted to and are unsupported by competent evidence.

Nor do we think the proposition of respondent's counsel that Weeks could not, because of his position with the defendant, take the tax certificate in his own name is supported by the evidence. It is true, if Weeks were charged with the duty of paying the taxes and was furnished with money by defendant for that purpose he could not acquire a valid tax certificate as against defendant. *McMahon v. McGraw,* 26 Wis. 614; *Fox v. Zimmermann,* 77 Wis. 414, 46 N. W. 533; *Geisinger v. Beyl,* 80 Wis. 443, 50 N. W. 501. But in the instant case Weeks was not charged with the duty of payment of taxes. From the evidence this duty appears to have rested with A. J. Webster, president of the defendant, and the bookkeeper.

Some other grounds in addition to those considered are argued by counsel for appellant, upon which it is insisted that plaintiff was entitled to recover; but, since we have concluded to reverse the judgment upon other grounds, we shall not treat them in this opinion.

Without the incompetent evidence erroneously admitted

there is practically no evidence to support the findings upon which the judgment rests. It follows, therefore, that the judgment must be reversed.

*By the Court.*—The judgment is reversed, and the cause remanded with instructions to the court below to enter judgment for plaintiff, unless the court below shall in its discretion, upon proper showing, order a new trial.